UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

ELSIE A. McKAY,

              Plaintiff,

     -against-

LAUREN SACKS, Esq.; GCM CORPORATION
a/k/a GCM CORPORATION as Nominee;
JUDGE JAMES R. GRAYSHAW; JUDGE
MARGUERITE A. GRAYS; PETER
ROSENBAUM; and JOHN and JANE DOE 1-50,

             Defendants.
------------------------------------------------------X

**OPINION & ORDER**

05-CV-2307 (SJF)(LB)

FEUERSTEIN, J.

     Plaintiff, appearing *pro se*, files the instant Complaint ("Compl."), Order to Show Cause, and Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order ("Mem."), seeking to prevent the foreclosure sale by defendants of property located at 2812 Westbourne Avenue in Queens County (the "Westbourne property"). (See Memorandum of Law filed by plaintiff in Queens County Supreme Court (Index No. 13066/98) and dated May 2, 2005 ("State Mem."), attached to Mem.). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but denies plaintiff's request for a preliminary injunction and a temporary restraining order and dismisses the complaint for the reasons set forth below.

## BACKGROUND

     The instant complaint stems from a Civil Court, Queens County foreclosure action commenced by defendant GCM Corporation ("GCM") in 1998. (State Mem. at 6). Plaintiff alleges that on March

1

15, 1995, she and her husband closed on a $200,000 mortgage for property located at 301-303 Rockaway Avenue in Brooklyn. (Id. at 1). Plaintiff alleges that GCM as mortgagee "induced her through fraud, misrepresentation, and other unconscionable conduct to enter into a high rate mortgage loan," (Compl. ¶ 1), and on April 11, 1995, fraudulently recorded the mortgage against the Westbourne property, which was plaintiff's home. (State Mem. at 4-5).

GCM initiated a foreclosure action against the Westbourne property on June 18, 1998, an action which plaintiff refers to as a "miscarriage of justice." (Id. at 6). Plaintiff alleges that her civil and constitutional rights "have [been] and are being violated over the course of the subsequent foreclosure and holdover actions caused by the fraudulent transaction." (Compl. ¶ 1). In addition to GCM and its principal Peter Rosenbaum, plaintiff names as defendants Lauren Sacks—"an employee of the Corporation Counsel of the City of New York" who is "seeking to enforce the fraudulent summary judgment to evict the Plaintiff"—and the judges presiding over her foreclosure action whom she accuses of improperly ruling against her on numerous occasions. (See Id. ¶¶ 6-14). Further, plaintiff alleges that defendants at present are conspiring to "declare [her] incompetent in order to expedite an eviction that would be illegal and undoubtedly reversed at some point." (Mem. at 2).

Plaintiff brings this action under the Real Estate Settlement Practices Act of 1974 ("RESPA"), 12 U.S.C. § 2601 et seq., the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1635 et seq., the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. § 1601 et seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and 42 U.S.C. § 1983. (Compl. ¶¶ 2-3). Plaintiff seeks to enjoin defendants from proceeding with the foreclosure sale in Civil Court, Queens County. (Mem. at 1).

## DISCUSSION

A.   Standard of Review

In reviewing plaintiff's motion and complaint, the Court is mindful that because plaintiff is proceeding *pro se*, her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) citations omitted).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is 'frivolous' when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

B.   Jurisdiction

To the extent plaintiff seeks to overturn the decisions of the Civil Court, the Rooker-Feldman

3

doctrine clearly precludes this Court from exercising jurisdiction in this matter. Under the Rooker-Feldman doctrine—Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)—a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. As the Supreme Court recently held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005).

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge Judge Grayshaw's and Judge Grays's decisions in the foreclosure action, this court lacks jurisdiction to hear this action. See Storck v. Suffolk County Dep't of Soc. Servs., 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) ("an attempt to appeal the state court's decision . . . would clearly be barred by the Rooker-Feldman doctrine"); Thaler v. Casella, 960 F. Supp. 691, 697-98 (S.D.N.Y. 1997) (holding that Rooker-Feldman "requires that an aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately to the United States Supreme Court."); Sanchez-Preston v. Judge Luria, No. CV-96-2440 (CPS), 1996 WL 738140, at *3 (E.D.N.Y. Dec. 17, 1996) (ruling that plaintiff may not seek reversal of a state court judgment "by recasting her claim in the form of a civil rights action") (citations omitted).

Since Rooker-Feldman prohibits this Court from granting such relief, the Complaint must be dismissed. Likewise, plaintiff's motion for a preliminary injunction and a temporary restraining order must be dismissed for lack of subject matter jurisdiction.

This result is in accord with the outcome of other, similar cases decided by district courts in this

Circuit. In both <u>Smith v. Weinberger</u>, 994 F. Supp. 418 (E.D.N.Y. 1998) and <u>Drew v. Chase Manhattan Bank, N.A.</u>, No. 95 Civ. 3133 (JGK), 1998 WL 430549 (S.D.N.Y. July 30, 1998), plaintiffs "alleged that defendant had obtained a state court foreclosure judgment through the use of 'usury and fraud.'" <u>Drew</u>, 1998 WL 430549, at *6 (quoting <u>Smith</u>, 994 F. Supp. at 424). In both cases, the courts recognized plaintiff's lawsuit as an "effort to invalidate [a] State Court foreclosure judgment," <u>id.</u>, and held that the <u>Rooker-Feldman</u> doctrine dictated that the actions be dismissed for lack of subject matter jurisdiction. Similarly, in <u>Rene v. Citibank, N.A.</u>, 32 F. Supp. 2d at 543, this Court held that it was without jurisdiction to hear a case in which plaintiff's claims "implicate[d] the propriety of [a] . . . state court judgment of foreclosure and eviction." In addition, in <u>Levitin v. Homburger</u>, 932 F. Supp. 508 (S.D.N.Y. 1996), the court held that it lacked jurisdiction to decide the plaintiff's claim that defendant had obtained a foreclosure judgment from state court by fraud.

C.  <u>Analysis</u>

Even absent the <u>Rooker-Feldman</u> doctrine, plaintiff's complaint fails to state a claim on which relief may be granted.

1.  Section 1983

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See <u>Flagg Bros. Inc. v. Brooks</u>, 436 U.S. 149, 155-57 (1978); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (quotations omitted). Defendants GCM and Rosenbaum are not state actors, and therefore plaintiff cannot bring a § 1983 action against these defendants.

Further, Judges Grayshaw and Grays have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11,13. The only way that this immunity can be overcome is if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12; see also Tucker v. Outwater, 118 F.3d 930, 932-33 (2d Cir. 1997) (holding that flawed or erroneous exercise of authority does not deprive judge of immunity); Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990); Sharp v. Bivona, 304 F. Supp. 2d 357, 363-64 (E.D.N.Y. 2004).

In the present case, plaintiff seeks injunctive relief rather than money damages. Traditionally, although claims for monetary damages have been foreclosed, claims for prospective injunctive relief have been permitted pursuant to 42 U.S.C. § 1983 against judicial officers acting in their official capacities. See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). On October 19, 1996, Congress enacted the Federal Courts Improvement Act of 1996 ("FCIA"), and legislatively reversed Pulliam in several important respects. Significantly, the FCIA amended 42 U.S.C. § 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see, e.g., Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2005); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999); Arena v. Dep't of Soc. Servs. of Nassau County, 216 F. Supp. 2d 146, 154 (E.D.N.Y. 2002); Jones v. Newman, No. 98-CIV-7460, 1999 WL

493429, at * 6 (S.D.N.Y. June 30, 1999); Ackerman v. Doyle, 43 F. Supp. 2d 265, 272 (E.D.N.Y. 1999); Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y. 1997). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable, and thus the 1996 amendments to § 1983 bar plaintiff's claims against Judge Grayshaw and Judge Grays for injunctive relief.

With regard to defendant Sacks, plaintiff merely alleges that Sacks tried to "enforce the fraudulent summary judgment to evict plaintiff" and has "threatened to declare [me] incompetent." (Compl. ¶ 7). These allegations are clearly insufficient to establish that defendant Sacks violated her civil and constitutional rights. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) ("allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983"). Accordingly, plaintiff fails to state a claim under § 1983 against defendant Sacks.

2.   RESPA, HOEPA, TILA and ECOA

Plaintiff alleges that this Court has jurisdiction over this matter based on RESPA, HOEPA, TILA and ECOA (collectively, the "Acts"). (Compl. ¶¶ 2-3). Even assuming, *arguendo*, that plaintiff could allege facts sufficient to establish violations of these Acts, her action would be time-barred. Actions under RESPA, HOEPA and TILA must be brought within one year from the alleged violation. See 12 U.S.C. § 2614, 15 U.S.C. § 1640(e). A two-year statute of limitations governs ECOA claims. See 15 U.S.C. § 1691e(f) (no ECOA violation action "shall be brought later than two years from the date of the occurrence of the violation"). It is well settled that in "closed-end credit" transactions, such as a mortgage loan, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement. See Cardiello v. The Money Store, Inc., No. 00 Civ. 7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (citations omitted). Thus, at the latest, plaintiff's claims accrued when the

7

mortgage was closed in 1995, and the one-year statute of limitations for RESPA, HOEPA and TILA expired years ago. The two-year statute of limitations for ECOA has likewise expired.

While courts have held that the limitations on actions based on these Acts are subject to equitable tolling in instances of fraudulent concealment, the facts alleged do not set forth any basis for equitable tolling. See, e.g., Coveal v. Consumer Home Mortgage, Inc., No. 04-CV-4755 (ILG), 2005 WL 704835, at *4 (E.D.N.Y. Mar, 29, 2005); Cardiello, 2001 WL 604007, at *4 (citations omitted); Moll v. U.S. Title Ins. Co. of New York, 700 F. Supp. 1284, 1288 (S.D.N.Y. 1988). "The *sine qua non* of fraudulent concealment is that the defendant fraudulently concealed from the plaintiff [her] cause of action *during the time in which plaintiff could have brought that action*." Cardiello, 2001 WL 604007, at *4 (emphasis in original). Here, plaintiff knew or should have known of defendants alleged wrongdoing at least as early as when GCM initiated the state foreclosure action in 1998. (See State Mem. at 6). As there is no basis for equitable tolling, plaintiff's action is time-barred even if Rooker-Feldman did not deprive the Court of jurisdiction.

3. RICO

Plaintiff fails to state a claim under RICO. Even when liberally construed, plaintiff's complaint fails to meet minimal RICO pleading requirements. "[C]laims under RICO are subject to a high level of scrutiny due to their potential for abuse by civil litigants." Maltezos v. Marine Terrace Apartments, No. 87 Civ. 7347 (KMW), 1990 WL 52112, at *2 (S.D.N.Y. Apr. 13, 1990) (citations omitted). In order to sustain an action under RICO, plaintiff must allege that the defendants participated in an enterprise engaged in, or whose activities affect, interstate commerce through a pattern of racketeering activity. 18 U.S.C. § 1962. Plaintiff's allegations fail to state a claim under RICO. Accordingly, plaintiff's RICO claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's complaint as well as her request for preliminary injunctive relief are dismissed as the Court lacks subject matter jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3). Furthermore, plaintiff's complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court shall close this case and enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: May __, 2005
 Brooklyn, New York